UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLEE LINN RUZIC,

        Plaintiff,

v.                                    CASE No. 8:18-cv-3122-T-TGW

ANDREW SAUL,
Commissioner of Social Security,[1]

        Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

---

[1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

## I.

The plaintiff, who was fifty-two years old at the time of the administrative decision and who has some college education (Tr. 59), has worked primarily as a travel agent and sales clerk (Tr. 74). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to major depression disorder, general anxiety disorder, ADD, conversation disorder, spondylolisthesis, stroke, and postmenopausal (Tr. 283). The claims were denied initially and upon reconsideration.

The plaintiff then requested a <u>de novo</u> hearing before an administrative law judge. Accordingly, a hearing was scheduled for August 17, 2017. At that hearing, plaintiff's counsel stated that he had only recently entered the case and that updated medical records had not been received (Tr. 88). He noted the general requirement to submit records five business days before the hearing and said he had not been able to do that (<u>id</u>.). As a result, he requested that the hearing be continued (Tr. 91). The law judge agreed and added she was going to obtain physical and psychological examinations of the plaintiff (<u>id</u>.).

The hearing was rescheduled for December 14, 2017. When asked if there was any evidence not in the file, plaintiff's counsel stated he had asked the plaintiff's treating physician, Dr. Denise Edwards, for a report but it had not been provided (Tr. 52). When informed that there was no additional evidence that exists that was not in the record, the law judge said that the record was closed (Tr. 82).

Subsequently, the plaintiff submitted, on January 22, 2018, a form completed by Dr. Edwards on January 15, 2018 (Doc. 20-1). With respect to that submission, the law judge stated (Tr. 17–18):

> If the claimant wishes that written evidence be considered at the hearing, then the claimant must submit or inform the Administrative Law Judge about the evidence no later than five business days before the date of the scheduled hearing (20 CFR 404.935(a)). Pursuant to 20 CFR 404.935(b), if the claimant misses this deadline but submits or informs the Administrative Law Judge about written evidence before the hearing decision is issued, the Administrative Law Judge will accept the evidence if: (1) an action of the Social Security Administration misled the claimant; (2) the claimant had a physical, mental, educational, or linguistic limitation(s) that prevented submitting or informing the Administrative Law Judge about the evidence earlier, or (3) some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented the claimant from submitting or

3

informing the Administrative Law Judge about the evidence earlier.

The claimant submitted or informed the Administrative Law Judge about additional written evidence less than five business days before the scheduled hearing date. Specifically, the claimant, by and through her representative, submitted a physical residual functional capacity questionnaire completed by the claimant's primary care provider Dr. Denise Edwards dated January 15, 2018 after the hearing, on January 22, 2018. The undersigned declines to admit this evidence because the requirements of 20 CFR 404.935(b) and 416.1435(b) are not met. There was no action of the Social Security Administration that misled the claimant, there is no evidence of any limitations that prevented the claimant from informing the undersigned about this evidence earlier, and there was no other unusual, unexpected, or unavoidable circumstance beyond the claimant's control that prevented her from informing the undersigned about the evidence earlier.

Based on the evidence in the record, the law judge found that the plaintiff had severe impairments of "degenerative disc disease; status post cerebrovascular accident; depression; anxiety; attention deficit hyperactivity disorder (ADHD); [and] neurocognitive disorder" (Tr. 20). The law judge concluded that with these impairments the plaintiff was restricted to a limited range of light work (Tr. 23). As a result, the

plaintiff could not perform prior work. However, based upon the testimony of a vocational expert, the law judge determined that jobs existed in significant numbers in the national economy that the plaintiff could perform (Tr. 29–30). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42

5

U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole

contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's sole issue is that the "Administrative Law Judge decision was in error in failing to consider evidence generated after the Administrative Law Judge hearing and submitted prior to the decision" (Doc. 20, p. 5). In light of the Scheduling Order and Memorandum Requirements, the plaintiff's challenge to the administrative decision is limited to that issue (Doc. 10, p. 2). Thus, any dispute with the law judge's findings regarding the plaintiff's impairments or the residual functional capacity is forfeited (id.).

The plaintiff specifies her argument as follows (Doc. 20, p. 5):

> In the Administrative Law Judge decision, the Administrative Law Judge stated that she would not consider evidence from Dr. Denise Edwards dated January 15, 2018, which was generated after the hearing. (T. 17) She declined to admit the evidence because the requirements of 20 CFR

§ 404.935 (b) and 416.1435 (b) were not met. (T. 17)

The Plaintiff posits that the above rule only applies to evidence that was in existence at the time of the Administrative Law Judge hearing.

The regulations pertinently provide (20 C.F.R. 404.935, 416.1435):

> (a) When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in §. 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.
>
> (b) If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>     (1)   Our action misled you;
>     (2)   You had a physical, mental, educational, or linguistic limitation(s) that

> prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier.

Significantly, the law judge expressly found that the plaintiff did not meet any of the exceptions in §§ 404.935(b) and 416.1435(b) to the five business day rule (Tr. 17). Moreover, the plaintiff does not challenge those findings, much less attempt to make some showing that one of them applies. Consequently, any such contention is forfeited under the Scheduling Order and Memorandum Requirements.

Furthermore, any excuse for a failure to make a timely submission would be baseless. At the initial hearing on August 17, 2017, plaintiff's counsel acknowledged the "five business day" rule (Tr. 88). When the hearing was continued until December 14, 2017, the plaintiff and her attorney had almost four months to get the plaintiff's treating physician to fill out the form.

The plaintiff's only argument in support of the challenge to the law judge's decision to decline to consider the plaintiff's belated submission is to "posit[] that the ... rule only applies to evidence that was

9

in existence at the time of the Administrative Law Judge hearing" (Doc. 20, p. 5). As the Commissioner points out (Doc. 21, p. 5), the plaintiff forfeits this contention under the Scheduling Order and Memorandum Requirements as a result of the failure to cite any legal authority or other citation in support of it.

In any event, there is no reason to conclude that the five business day rule applies only to evidence that is in existence. Obviously, the law judge did not think so. Moreover, there is nothing in the language of §§ 404.935 and 416.1435 that suggests such a limitation, and the plaintiff makes no argument that there is.

In addition, the plaintiff's interpretation of the regulations would effectively nullify the regulations. The apparent purpose of the regulations is to permit the extremely overburdened law judges to organize and prepare for the hearings. If the regulations applied only to evidence that was in existence, it would not prevent the plaintiff from obtaining last-minute reports to bolster a claim. And, it would not provide an incentive for dilatory parties to obtain reports from current physicians. Further, the regulations would not have been directed at existing evidence since it would be unlikely that parties would delay submitting evidence that

was already in existence. Thus, the plaintiff's proposed interpretation of the regulations makes little sense.

For these reasons, the plaintiff's challenge to the law judge's decision to decline to admit the untimely submitted evidence from Dr. Denise Edwards is meritless.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 28th day of January, 2020.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE